SEYFARTH SHAW LLP
KENNETH L. WILTON (SBN: 126557)
E-mail: kwilton@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

BART A. LAZAR (*pro hac vice* granted)
E-mail: blazar@seyfarth.com
233 S. Wacker Dr. Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5986
Facsimile: (312) 460-7986

Attorneys for Plaintiff
PHISH, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PHISH, INC. a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>VARIOUS JOHN DOES, JANE DOES, AND XYZ CORPORATIONS,<br><br>Defendants. | Case No. 2:18-cv-06185-CAS-JCx<br><br>[~~PROPOSED~~] PRELIMINARY INJUNCTION, ORDER OF SEIZURE AND ORDER TO REMOVE SEAL |

Plaintiff, Phish Inc. ("Plaintiff"), having applied *ex parte* against unknown individuals and entities (collectively, "Defendants") for a temporary restraining order, order permitting civil seizure, order to show cause for preliminary injunction, and order sealing file pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. §1051, et seq.), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), for the reason that Defendants are and will be manufacturing, distributing, offering for sale and selling goods bearing counterfeit reproductions of trademarks owned and controlled by Plaintiff ("Counterfeit Merchandise"), and the Court having

reviewed the complaint, the memorandum of law, the declarations of Kevin Shapiro, Jeffrey L. Laytin, and Kenneth L. Wilton and the exhibits thereto, and having reviewed the Declaration of Kenneth L. Wilton Re: Seizure, the Court finds:

 Defendants' manufacture, import, distribution, offer for sale and/or sale of Counterfeit Merchandise has caused, and if not stopped will continue to cause, immediate and irreparable injury to Plaintiff;

 Plaintiff is likely to succeed in showing Defendants have used and are continuing to use counterfeit and/or unauthorized and infringing copies of Plaintiff's federally registered trademarks and unregistered trademarks, names and likenesses set forth below in connection with the manufacture, import, distribution, offer for sale and/or sale of Counterfeit Merchandise;

 Plaintiff has also shown a likelihood of success on the merits of its claims, and that the harm to Plaintiff from denial of the requested preliminary injunction and seizure order would outweigh the harm to Defendants' legitimate interests (if any) in the event such an order were granted;

 Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide or otherwise make inaccessible to the Court Defendants' Counterfeit Merchandise, any business records related thereto, and the profits derived therefrom, absent the issuance of the requested preliminary injunction and seizure order, thereby denying Plaintiff access to relevant evidence and frustrating the ultimate relief Plaintiff seeks in this action;

 Plaintiff has demonstrated that Counterfeit Merchandise has been offered for sale at locations on the 2018 Tour.

 Plaintiff has demonstrated the location(s) at which Defendants are or will be distributing, offering for sale and/or selling Counterfeit Merchandise; and

 Entry of an order other than a preliminary injunction and seizure order would not adequately achieve the purposes of the Lanham Act to preserve

Plaintiff's remedies for trademark counterfeiting, including, *inter alia*, the removal of Counterfeit Merchandise from the marketplace and destruction of same, and an award to Plaintiff of lost profits or damages.

Therefore, IT IS HEREBY ORDERED that Defendants, pursuant to Fed. R. Civ. P. 65 are hereby preliminarily enjoined from manufacturing, distributing, offering or holding for sale, or selling the Counterfeit Merchandise, consisting of any clothing, jewelry, photographs, posters, recordings and other merchandise bearing the trademarks, service marks, likenesses, images, trade names or logos, or any colorable imitations thereof of the musical group known as PHISH and each of its individual members TREY ANASTASIO, MIKE GORDON, JON FISHMAN, and PAGE MCCONNELL and their federally registered marks: PHISH FOOD, U.S. Registration Number 2173816; PHISH, U.S. Reg. No. 2096010; PHISH, U.S. Reg. No. 2029049; PHISH, U.S. Reg. No. 2029048; PHISH, U.S. Reg. No. 1917861; PHISH, U.S. Reg. No. 1782981; and PHISH and Design, U.S. Reg. No. 1930480; OYSTERHEAD, U.S. Reg. No. 2662635; GAMEHENDGE, U.S. Reg. No. 2048310; GAMEHENDGE, U.S. Reg. No. 2053513 and WATERWHEEL, U.S. Reg. No. 2247438; and their unregistered mark VIDA BLUE (collectively, the "Plaintiff's Marks").

AND IT APPEARING TO THE COURT that Defendants are about to sell and distribute the Counterfeit Merchandise bearing the Plaintiff's Marks during the remaining shows of the 2018 Tour and will carry out such acts during the entirety of the 2018 Tour set forth below, unless restrained by order of the Court,

IT IS FURTHER ORDERED that pending hearing and determination of this application, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them be and hereby are preliminarily enjoined from manufacturing, distributing, offering or holding for sale, advertising and/or selling Counterfeit Merchandise bearing any of the Plaintiff's Marks;

|   |   |
|---|---|
| 1 | AND IT IS FURTHER ORDERED that the United States Marshal or other federal, state or local law enforcement officers, or off-duty officers located within each district in which Plaintiff enforces this order, assisted by one or more attorneys or agents of Plaintiff, are hereby authorized to seize and impound any and all Counterfeit Merchandise which Defendants sell, offer for sale or are holding for sale, including from any bag, carton, container, vehicle, or other means of carriage in which the Counterfeit Merchandise is found from ten (10) hours before to six (6) hours after any performance by Phish within a one (1) mile vicinity of the venues at which Phish shall be performing, including the following venues and dates of the 2018 Tour: |

| Date | Venue |
|---|---|
| Aug. 31-Sept. 2, 2018 | Dick's Sporting Goods Park, Commerce City, CO |
| October 16-17, 2018 | Times Union Center, Albany, NY |
| October 19-21, 2018 | Hampton Coliseum, Hampton, VA |
| October 23-24, 2018 | Ascend Amphitheater, Nashville, TN |
| October 26-28, 2018 | Allstate Arena, Rosemont, IL |
| Oct. 31-Nov. 3, 2018 | MGM Grand Garden Arena, Las Vegas, NV |

AND IT IS FURTHER ORDERED that this order be and is hereby conditioned upon Plaintiff's maintaining with the Clerk of this Court an undertaking in the form of a bond or certified check or attorney's check in the amount of $5,000, to secure payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

AND IT IS FURTHER ORDERED that service of a copy of this order together with the summons and complaint in this action be made upon the Defendants by the United States Marshal, other federal, state or local law enforcement officers or by any person over the age of eighteen (18) years not a

3

[PROPOSED] PRELIMINARY INJUNCTION, ORDER OF SEIZURE AND ORDER TO REMOVE SEAL

party to this action selected for that purpose by the Plaintiff, at the time the seizure provided herein is effected and that such service shall be deemed good and sufficient, provided that a complete set of all moving papers submitted in support of this order shall be promptly provided to any defendant or counsel requesting same;

AND IT IS FURTHER ORDERED that the process server shall offer a receipt to each person from whom Counterfeit Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Counterfeit Merchandise seized, which shall be maintained in a secure location pending further order of this Court;

AND IT IS FURTHER ORDERED that this matter be set for status and a hearing with respect to Plaintiff's execution of this seizure order for November 26, 2018, at 10:00 A.M., with Defendants' responsive papers, if any, filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to Plaintiff's counsel at the address set forth below, seven (7) days before the hearing. Any reply shall be filed and served by Plaintiff at or before the hearing;

AND IT IS FINALLY ORDERED that the Clerk of the Court shall remove this case from under seal.

**IT IS SO ORDERED.**

Date: <u>August 21, 2018</u>　　　　By: _____
　　　　　　　　　　　　　　　　　　Hon. Christina A. Snyder
　　　　　　　　　　　　　　　　　　United States District Court Judge

Proposed Order prepared by:

SEYFARTH SHAW LLP

By: / *Kenneth L. Wilton* /
　　　Kenneth L. Wilton
　　2029 Century Park East, Suite 3500
　　Los Angeles, California 90067-3021
　　　　Attorneys for Plaintiff
　　　　　　PHISH, INC.